IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KAREEN RASHAWN HAYES,

                         Plaintiff,

  v.                                                   OPINION and ORDER

DEP'T OF CORR.,                                    22-cv-574-jdp

                        Defendant.

---

The Wisconsin Department of Corrections offers an earned release program (ERP), which involves intensive group counseling and the potential for early release upon successful completion. Plaintiff Kareen Rashawn Hayes, a former DOC prisoner, was removed from the ERP for disruptive, antisocial behavior during group sessions and around the institution. Hayes alleges that he told DOC staff that his attention deficient hyperactivity disorder (ADHD) interfered with his ability to complete ERP tasks and that he asked to be placed solely in one-on-one sessions with a therapist as an alternative. Hayes didn't receive this relief, and he brings a reasonable accommodation claim under the Rehabilitation Act.

The DOC moves for summary judgment. Dkt. 56. The DOC contends that it's impossible for a participant to complete the ERP solely through one-on-one sessions because the fundamental objective of the program is to learn and practice social skills in a group setting for use on release. Thus, the DOC concludes, the requested accommodation is unreasonable because it would fundamentally alter the nature of the program. Because the undisputed evidence shows that the ERP's fundamental objective is to build social skills in a group setting, I will grant the DOC's motion for summary judgment and dismiss the case.

UNDISPUTED FACTS

The DOC's proposed findings of fact are largely undisputed. Dkt. 58; Dkt. 66. The few disputes are immaterial. I will begin with a summary description of the ERP, then provide more specific facts relating to Hayes's termination from the program.

A.  **Nature and purpose of the ERP**

The ERP is generally a 20-week program that addresses criminal thinking and substance use disorders. A DOC treatment specialist, Susan Plasch, leads groups of approximately ten prisoners at a time. Plasch's core group meets daily in the morning and, in the afternoon, ancillary groups often meet to address higher-risk behaviors.

During group sessions, the treatment specialist introduces a social skill, outlines the steps that a participant should follow when he encounters a real-life situation in which he could use the skill, and gives an example. The participants choose a situation that applies to them to practice the skill. Each participant role-plays his situation so that, by the end of each session, the skill has been demonstrated approximately ten times. For homework, participants must practice the skill outside the group and record the practice on a worksheet to bring to the next session.

Concepts are presented and practiced in a group, which gives participants numerous opportunities to see the skill applied to real-life examples and to ask clarifying questions. The DOC states, and Hayes doesn't dispute, that it's impossible to complete the program solely through one-on-one sessions with a treatment specialist because the fundamental objective of the program is to build social skills for use on release. Group participation is required to complete the program.

B.  **Hayes's termination from the ERP**

Hayes began participating in the program on May 9, 2022. Over the next seven weeks or so, Hayes disrupted group sessions and engaged in other inappropriate behavior away from the group. This behavior included:

- Acting defiant when asked to complete forms in a group session;
- Going off track during group discussions;
- Reacting to other participants' input by saying "Wooow" without explanation;
- Repeatedly interrupting other participants;
- Interrupting and talking loudly during sessions, to the point that a facilitator had to end one session;
- Displaying impatience and guarded body language toward other participants;
- Appearing disinterested while not speaking;
- Struggling to show empathy in character exercises;
- Arriving late to a group session;
- Resisting feedback received from other participants, once to the point that Plasch stopped the discussion as unproductive;
- Complaining to other participants about not getting what he wanted;
- Not completing homework assignments and pretending that he had completed them;
- Continuing to ask about a visitation form that he had been told not to ask about because it was being processed;
- Going to see a social worker when that movement was prohibited and defiantly telling the social worker that he was allowed to be there; and
- Behaving in a defensive, uncooperative, and condescending manner when therapists met with him one-on-one to discuss his behavior.

Plasch ultimately met with Program Supervisor Anderson, other program supervisors, and Dr. Snider to discuss Hayes's problems and lack of progress. Anderson decided to terminate Hayes from ERP, and her decision was approved by the deputy warden.

Hayes then contacted ADA Coordinator Kimberly Lampman, who told him that he could submit a formal reasonable accommodation request. That day, Hayes told Dr. Snider that he was being punished for having ADHD.

A few days later, Plasch, Anderson, and another program manager met with Hayes to inform him of his termination from ERP. The same day, Lampman received Hayes's formal reasonable accommodation request. Lampman later met with Dr. Snider, who told her that the request could not be considered because Hayes had already been terminated from ERP. Lampman denied the request for that reason, but advised Hayes that he could resubmit a request to be placed in the ERP in the future.

Hayes later transferred to Racine Correctional Institution (RCI), where he reenrolled in and successfully completed the ERP. There's no evidence that Hayes completed the ERP at RCI solely through participation in one-on-one sessions with a therapist. Hayes is no longer housed at a DOC facility.

ANALYSIS

To prevail on his failure to accommodate claim, Hayes must establish that: (1) he was a qualified individual with a disability; (2) the DOC knew of his disability; and (3) the DOC failed to reasonably accommodate his disability. *See Brumfield v. City of Chicago*, 735 F.3d 619, 631 (7th Cir. 2013). The DOC doesn't dispute that Hayes has satisfied the first two elements,

4

so my analysis focuses on a component of the third: whether Hayes's requested accommodation for his ADHD was reasonable.

Hayes bears the initial burden of showing that the requested accommodation "seems reasonable on its face." *US Airways, Inc. v. Barnett*, 535 U.S. 391, 401 (2002). If Hayes makes this showing, the DOC "has the burden to establish that the accommodation would have created an undue hardship on its [operations]." *See McAllister v. Innovation Ventures, LLC*, 983 F.3d 963, 967–68 (7th Cir. 2020); *Barnett*, 535 U.S. at 401. An accommodation is unreasonable if it fundamentally alters the nature of the program or service. *A.H. by Holzmueller v. Ill. High Sch. Ass'n*, 881 F.3d 587, 594 (7th Cir. 2018); *see also* 28 C.F.R. § 35.130(b)(7)(i) ("A public entity shall make reasonable modifications . . . unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the . . . program . . . .").

The undisputed evidence shows that Hayes's requested accommodation—participating in the ERP solely through one-on-one sessions with a therapist—was unreasonable. The fundamental objective of ERP is to learn and practice social skills in a group setting. *See also Singh v. Marks*, No. 14-cv-507-jdp, 2019 WL 1385805, at *2 (W.D. Wis. Mar. 27, 2019) (noting that ERP "involves intensive group counseling"). A participant cannot complete the ERP solely through one-on-one sessions with a treatment specialist because the fundamental objective of the program is to build social skills for use on release. Plasch states, and Hayes doesn't dispute, that "group participation is a requirement to completing the program." Dkt. 59 ¶ 17. Hayes hasn't explained how the requested accommodation is reasonable on its face and, even if he met this burden, the undisputed evidence establishes that the requested accommodation would fundamentally alter the nature of ERP.

I take Hayes to be arguing that DOC staff knew about his ADHD and desire for a proposed accommodation before he was removed from the program, even if he had yet to file a formal accommodation request *See* Dkt. 66. But that contention doesn't show that Hayes's proposed accommodation was a reasonable one.

Hayes's brief, Dkt. 65, makes a handful of other arguments, but these are undeveloped and they do not relate to the issue of the reasonableness of his proposed accommodation. None of these arguments provide any basis to deny the DOC's motion for summary judgment.

ORDER

IT IS ORDERED that:

1. Defendant Department of Corrections' motion for summary judgment, Dkt. 56, is GRANTED. As a result, plaintiff Kareen Rashawn Hayes's reasonable accommodation claim under the Rehabilitation Act is DISMISSED with prejudice.

2. The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered May 1, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge